# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CINDY SUY AND TONG PHAL,** ) | |
| Plaintiff, ) | Case No.: |
| vs. ) | |
| ) | |
| **JOSEPH PONCE, POY HOLDINGS, INC.,** ) | |
| **POY AUTO PARTS SUPPLY, INC. AND** ) | |
| **EMPIRE AUTO PARTS, INC.,** ) | |
| Defendants. | |

TO:   THE HONORABLE JUDGES OF
        THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLEASE TAKE NOTICE that on this date, defendants, Poy Holdings, Inc., Poy Auto Parts, Inc., Empire Auto Parts, Inc. and Joseph Ponce, hereby file this Notice of Removal pursuant to 28 U.S.C. 1446(a), 28 U.S.C.A. 1332(a)(2) and 28 U.S.C. 141(a) together with all process, pleadings and orders as required by 28 U.S.C. 1446(a), true copies of which are attached hereto, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, Philadelphia, Pennsylvania.

Defendants, Poy Holdings, Inc., Poy Auto Parts, Inc., Empire Auto Parts, Inc. and Joseph Ponce, by their undersigned attorneys, respectfully show this Court that:

1.        The removing parties are Defendants in a civil action and are represented by the undersigned.

2.        On or about June 9, 2017, Plaintiffs commenced this case against the removing parties in the Court of Common Pleas of Pennsylvania, Philadelphia County, 170600952, June Term, 2017, and it is now pending therein.  *See Complaint* (attached as Exhibit "A").

3.        On or about June 14, 2017 the removing Defendants Poy Holdings, Inc., Poy Auto Parts, Inc., Empire Auto Parts, Inc., were served with the Summons and Complaint in this case.

4.        No further proceedings have occurred in this case in State court.

5.    The Plaintiff's attorney has not made a monetary demand, other than alleging significant injuries and stating in the ad damnum clause of the Complaint that damages are sought in excess of $50,000.   Exh. A, "Wherefore" Clause.

6.    Moreover, in his Complaint, Plaintiffs assert serious and permanent personal injuries.  There are two Plaintiffs (a driver and passenger in the vehicle), each of whom allege permanent physical injuries. Plaintiff Suy alleges the following injuries, including but not limited to, the following: cervical, lumbar and thoracic strain and sprain, shoulder (injections anticipated), nerve damage, herniated discs, headaches, injury to the nervous system, contusions, muscle strains, and mental injury, emotion distress, anxiety, distress.  Plaintiff claims that she has incurred and will continue to incur financial losses due to medical bills and past/future wage loss and earning capacity.  Plaintiff Tong alleges the following serious and permanent injuries: cervical, lumbar and thoracic strain and sprain, shoulder (injections anticipated), nerve damage, herniated discs, headaches, injury to the nervous system, contusions, muscle strains, and mental injury, emotion distress, anxiety, distress.   Plaintiff claims that she has incurred and will continue to incur financial losses due to medical bills and past/future wage loss and earning capacity.    See Exh. A, Counts 1 and 2.

7.    In light of the above, Defendants have a good faith belief that Plaintiffs contend the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.  The undersigned defense counsel has been involved in other cases where similar injuries were alleged in Philadelphia County and the settlement demands/value of those cases has been stated to be in excess of $75,000.

8.    Plaintiffs are Pennsylvania residents, residing at 2416 S. 5th Street, Philadelphia, PA.

9.    The Defendants Poy Holdings, Inc., Poy Auto Parts, Inc., Empire Auto Parts, Inc. were at the time of the subject accident and is now a New Jersey corporation with its principal place of business located at 15 Jackson Road, Totowa, New Jersey.

10.     Defendant Joseph Ponce was at the time of the subject accident a resident of New Jersey and has an address of 94 Summit Ave., Floor 1, Garfield, New Jersey. Mr. Ponce was at all relevant times an employee of Poy Holdings, Inc. at the time of this accident. Mr. Ponce is currently a New Jersey resident.

11.     This case involves Plaintiffs' allegations that the Defendants were negligent in an automobile accident that caused the plaintiffs to be injured, allegedly sustaining personal injuries. The amount in controversy required pursuant to 28 U.S.C. 1332 is satisfied because of the nature of the alleged personal injury in this matter.

12.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. 1332, diversity of citizenship and the action may be removed to this Court pursuant to 28 U.S.C. 1441, in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

13.     A copy of plaintiffs' Complaint with Notice to Defend filed in this case are attached as Exhibit "A". To the best of the moving party's knowledge, these are the only pleadings filed in the State Court to date.

14.     This notice is filed with the Court within thirty (30) days after receipt by the removing parties of a copy of the Complaint in this case. Defendants expressly reserve their right to challenge the method of service as ineffective and to challenge personal jurisdiction over these defendants in the Courts of Pennsylvania.

15.     Upon receipt of a filed Notice of Removal, these Defendants will provide a copy of the Notice of Removal to the Prothonotary of the Court of Common Pleas of Pennsylvania, Philadelphia County.

**WHEREFORE,** the removing parties pray that this case be removed from the Court of Common Pleas of

Pennsylvania, Philadelphia County, to this Court pursuant to 28 U.S.C. 1441(a) and 1452.

Dated: July 3, 2017

By:      Roberto K. Paglione, Esq.
PA Attorney I.D. # 87258
Law Offices of Terkowitz & Hermesmann
309 Fellowship Road, Suite 200
Mount Laurel, NJ 08054
856-642-4012
rpaglione@hanover.com
Attorney for Defendants Poy Holdings, Inc., Poy Auto
Parts, Inc., Empire Auto Parts, Inc. and Joseph Ponce

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY SUY AND TONG PHAL,<br>                               Plaintiff,<br>       vs.<br><br>JOSEPH PONCE, POY HOLDINGS, INC.,<br>POY AUTO PARTS SUPPLY, INC. AND<br>EMPIRE AUTO PARTS, INC.,<br>                        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: |

### CERTIFICATION OF SERVICE

I hereby certify that on $\underline{7\,|\,5}$, 2017 the within Notice of Removal on behalf of defendants, Poy

Holdings, Inc., Poy Auto Parts, Inc., Empire Auto Parts, Inc. and Joseph Ponce, was filed with the United

States District Court Eastern District of Pennsylvania and sent via regular U.S. Postal mail and/or email, and

made available for viewing upon the following counsel of record:

Nicholas L. Palazzo, Esquire
DeFino Law Associates, P.C.
2541 South Broad Street
Philadelphia, PA 19148
*Attorney for Plaintiffs*

By:     Roberto K. Paglione, Esq.
PA Attorney I.D. # 87258
Law Offices of Terkowitz & Hermesmann
309 Fellowship Road, Suite 200
Mount Laurel, NJ 08054
856-642-4012
rpaglione@hanover.com
Attorney for Defendants Poy Holdings, Inc., Poy
Auto Parts, Inc., Empire Auto Parts, Inc. and
Joseph Ponce

Dated: July 3, 2017

# Exhibit A

**DEFINO LAW ASSOCIATES, P.C.**
By: Nicholas L. Palazzo, Esq.
ID: 309040
2541 S. Broad Street
Philadelphia, PA 19148
T: 215 551 9099
F: 215 551 4099

| | | |
|---|---|---|
| **CINDY SUY and TONG PHAL, h/w** | : | |
| 2416 s. 5th Street | : | **COURT OF COMMON PLEAS** |
| Philadelphia, PA 19148 | : | |
| VS. | : | |
| | : | **PHILADELPHIA COUNTY** |
| **JOSEPH PONCE** | : | |
| 94 Summit Avenue Floor 1 | : | |
| Garfield, NJ 07026 | : | |
| AND | : | |
| **POY HOLDINGS INC.** | : | |
| 15 Jackson Rd, | : | |
| Totowa, NJ 07512 | : | |
| AND | : | |
| **POY AUTO PARTS SUPPLY INC.** | : | |
| 15 Jackson Rd, | : | |
| Totowa, NJ 07512 | : | |
| AND | : | |
| **EMPIRE AUTO PARTS, INC.** | : | |
| 15 Jackson Road | : | |
| Totowa, NJ 07512 | : | |

## IMPORTANT NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**LAWYER REFERRAL AND INFO. SERVICES**
**1101 MARKET STREET, 11TH FLOOR**
**PHILADELPHIA, PA 19107-2911**
**(215) 238-1701**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTATE DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Servicio de Referencia e Informacion Legal**
**1101 MARKET STREET, 11TH FLOOR**
**FILADELFIA, PA 19107-2911**
**(215) 238-1701**

Case ID: 170600952

**DEFINO LAW ASSOCIATES, P.C.**
By: Nicholas L. Palazzo, Esq.
ID: 309040
2541 S. Broad Street
Philadelphia, PA 19148
T: 215 551 9099
F: 215 551 4099

| | | |
|---|---|---|
| **CINDY SUY and TONG PHAL, h/w** | : | |
| 2416 s. 5th Street | : | **COURT OF COMMON PLEAS** |
| Philadelphia, PA 19148 | : | |
| | : | |
| **VS.** | : | |
| | : | **PHILADELPHIA COUNTY** |
| **JOSEPH PONCE** | : | |
| 94 Summit Avenue Floor 1 | : | |
| Garfield, NJ 07026 | : | |
| | : | |
| **AND** | : | |
| | : | |
| **POY HOLDINGS INC.** | : | |
| 15 Jackson Rd, | : | |
| Totowa, NJ 07512 | : | |
| | : | |
| **AND** | : | |
| | : | |
| **POY AUTO PARTS SUPPLY INC.** | : | |
| 15 Jackson Rd, | : | |
| Totowa, NJ 07512 | : | |
| | : | |
| **AND** | : | |
| | : | |
| **EMPIRE AUTO PARTS, INC.** | : | |
| 15 Jackson Road | : | |
| Totowa, NJ 07512 | : | |
| | : | |

## COMPLAINT IN CIVIL ACTION -- AUTO

1. Plaintiffs are husband and wife and are adult individuals residing at the above captioned address.

Case ID: 170600952

2.  Defendant, PONCE, is an adult with the above captioned address at all times material was the operator of a certain vehicle hereinafter the "Defendant Vehicle" which was involved in an accident hereinafter the described, which was registered in New Jersey,

3.  Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC., are New Jersey Corporations and are parent/subsidiaries of one another, and all collectively and/or individually and at all times material hereto owned the Defendant vehicle at issue in this accident and employed Defendant PONCE who was operating the Defendant Vehicle within his course and scope of employment for said Defendants. Said Defendants regularly perform substantial business activities in Philadelphia, PA.

4.  On or about March 24th 2016, Plaintiffs were involved in an auto accident with Defendant, Ponce while he operated the Defendant Vehicle.

5.  On said date, Plaintiffs were rear ended by Defendant, Ponce while Plaintiffs were stopped for traffic on Chester Pike.

6.  The above crash caused Plaintiffs to sustain severe injuries as further described hereinafter below.

### COUNT I – Negligence
### Plaintiff, Suy vs. Defendant, Ponce

7.  Plaintiff incorporates all paragraphs as though fully set forth at length herein.

8.  The negligence of Defendant consisted of but is not limited to;

    a.  Failing to properly operate and control the Defendant Vehicle;
    b.  Failing to yield to a stopped vehicle in traffic in the roadway;
    c.  Failing to abide by the assured and clear distance ahead rule;
    d.  Failing to maintain a proper look out;
    e.  Failing to avoid striking a vehicle that was already in control of the roadway;
    f.  Failing to pay adequate attention to the road way and traffic control devices;
    g.  Failing to respond react, or otherwise avoid colliding with Plaintiff's vehicle;

    h.  Failing to keep a proper lookout;

    i.  Failing to avoid being distracted.

9. As a direct and proximate cause of the negligence of Defendant, Plaintiff SUY sustained serious and painful injuries which are permanent in nature and which substantially impair her body function and which include but are not limited to the following; cervical, thoracic, and lumbar sprain and strain, injuries to the shoulder which may require injections, nerve damage, herniated disc(s), headaches, injury to nervous system, contusions, muscle strains, and mental injury, anguish, emotional distress, anxiety, and distress, all of which have caused her great and significant pain and may continue into the future indefinitely.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe physical pain, emotional distress, mental anguish which continues.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff has been prevented from attending her usual activities and believes that she may be prevented from same in the future and has suffered financial loss in the form of medical bills, future medical bills, and loss in earning capacity and/or wage loss.

      WHEREFORE, Plaintiff, SUY prays for Judgment in her favor and against Defendant, PONCE for a sum in excess of fifty thousand dollars ($50,000.00), plus costs.

## COUNT II– Negligence
### Plaintiff, TONG vs. Defendant, Ponce

12. Plaintiff incorporates all paragraphs as though fully set forth at length herein.

13. The negligence of Defendant consisted of but is not limited to;

    a.  Failing to properly operate and control the Defendant Vehicle;

    b.  Failing to yield to a stopped vehicle in traffic in the roadway;

    c.  Failing to abide by the assured and clear distance  ahead rule;

d.  Failing to maintain a proper look out;
e.  Failing to avoid striking a vehicle that was already in control of the roadway;
f.  Failing to pay adequate attention to the road way and traffic control devices;
g.  Failing to respond react, or otherwise avoid colliding with Plaintiff's vehicle;
h.  Failing to keep a proper lookout;
i.  Failing to avoid being distracted.

14. As a direct and proximate cause of the negligence of Defendant, Plaintiff TONG

sustained serious and painful injuries which are permanent in nature and which

substantially impair his body function and which include but are not limited to the

following; cervical, thoracic, and lumbar sprain and strain, injuries to the shoulder which

may require injections, nerve damage, herniated disc(s), headaches, injury to nervous

system, contusions, muscle strains, and mental injury, anguish, emotional distress,

anxiety, and distress, all of which have caused him great and significant pain and may

continue into the future indefinitely.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe

physical pain, emotional distress, mental anguish which continues.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff has been

prevented from attending his usual activities and believes that she may be prevented from

same in the future and has suffered financial loss in the form of medical bills, future

medical bills, and loss in earning capacity and/or wage loss.

WHEREFORE, Plaintiff, TONG prays for Judgment in her favor and against

Defendant, PONCE for a sum in excess of fifty thousand dollars ($50,000.00), plus costs.

### COUNT III, IV, V -- NEGLIGENT ENTRUSTMENT AND VICARIOUS LIABILITY
### Plaintiff, SUY v. Defendant POY HOLDINGS, INC., POY AUTO PARTS SUPPLY INC., and EMPIRE AUTO PARTS, INC.

17. Plaintiff incorporates all paragraphs as though fully set forth at length herein.

18. At all times material hereto, Defendant PONCE was operating the Defendant Vehicle which was owned by Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC.

19. At all times material hereto, Defendant PONCE was working for and was operating the Defendant Vehicle within the course and scope of his employment for and in furtherance of the business and affairs of Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC.

20. As such, Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC. are vicariously responsible for the negligence of Defendant, PONCE, and the injuries and loss of consortium that said negligence caused to both Plaintiffs as referenced above and below.

21. Additionally, Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC. are individually and separately negligent for the negligent entrustment of the Defendant Vehicle to Defendant Ponce in that:

   (a) said Defendants permitted PONCE to operate the Defendant Vehicle without ensuring that he had the proper and necessary skills to do so safely;

   (b) Said Defendants permitted Ponce to operate the Defendant vehicle despite knowing that he had dangerous and careless propensities;

   (c) Said Defendants permitted Ponce to operate the Defendant Vehicle without properly training him in supervising him with respect to his ability to drive.

Case ID: 170600952

22. As a direct and proximate result of the negligence of Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC., Plaintiff sustained those injuries and damages and loss of consortium referenced above and below.

WHEREFORE, Plaintiff, SUY prays for Judgment in her favor and against Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC. for a sum in excess of fifty thousand dollars ($50,000.00), plus costs.

### COUNT VI, VII, VIII -- NEGLIGENT ENTRUSTMENT AND VICARIOUS LIABILITY
### Plaintiff, TONG v. Defendant POY HOLDINGS, INC., POY AUTO PARTS SUPPLY INC., and EMPIRE AUTO PARTS, INC.

23. Plaintiff incorporates all paragraphs as though fully set forth at length herein.

24. At all times material hereto, Defendant PONCE was operating the Defendant Vehicle which was owned by Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC.

25. At all times material hereto, Defendant PONCE was working for and was operating the Defendant Vehicle within the course and scope of his employment for and in furtherance of the business and affairs of Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC.

26. As such, Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC. are vicariously responsible for the negligence of Defendant, PONCE, and the injuries and loss of consortium that said negligence caused to both Plaintiffs as referenced above and below.

Case ID: 170600952

27. Additionally, Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC. are individually and separately negligent for the negligent entrustment of the Defendant Vehicle to Defendant Ponce in that:

    (a) said Defendants permitted PONCE to operate the Defendant Vehicle without ensuring that he had the proper and necessary skills to do so safely;

    (b) Said Defendants permitted Ponce to operate the Defendant vehicle despite knowing that he had dangerous and careless propensities;

    (c) Said Defendants permitted Ponce to operate the Defendant Vehicle without properly training him in supervising him with respect to his ability to drive.

28. As a direct and proximate result of the negligence of Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC., Plaintiff sustained those injuries and damages and loss of consortium referenced above and below.

    WHEREFORE, Plaintiff, TONG prays for Judgment in her favor and against Defendants, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and EMPIRE AUTO PARTS INC. for a sum in excess of fifty thousand dollars ($50,000.00), plus costs.

### COUNT IX,X,XI,XII – Loss of Consortium
### Plaintiff, SUY v. Defendant, PONCE, POY HOLDINGS INC., POY AUTO PARTS SUPPLY, INC., and EMPIRE AUTO PARTS SUPPLY, INC.

29. Plaintiff incorporates all paragraphs as though fully set forth at length herein.

30. At all times material hereto, Plaintiffs were married.

31. As a direct result of the negligence of Defendant which caused injury and damage to Plaintiff, TONG, Plaintiff, SUY sustained a loss of consortium, society, companionship, and affection of her husband.

Case ID: 170600952

WHEREFORE, Plaintiff, SUY prays for Judgment in his favor and against

Defendant, PONCE, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and

EMPIRE AUTO PARTS INC for a sum in excess of fifty thousand dollars ($50,000.00),

plus costs.

### COUNT XIII, XIV, XV, XVI – Loss of Consortium
### Plaintiff, TONG v. Defendant, PONCE, POY HOLDINGS INC., POY AUTO
### PARTS SUPPLY, INC., and EMPIRE AUTO PARTS, INC.

32. Plaintiff incorporates all paragraphs as though fully set forth at length herein.

33. At all times material hereto, Plaintiffs were married.

34. As a direct result of the negligence of Defendant which caused injury and damage to

Plaintiff, SUY, Plaintiff, TONG sustained a loss of consortium, society, companionship,

and affection of his wife.

WHEREFORE, Plaintiff, TONG prays for Judgment in his favor and against

Defendant, PONCE, POY HOLDINGS, INC., POY AUTO PARTS SUPPLY, INC. and

EMPIRE AUTO PARTS INC.  for a sum in excess of fifty thousand dollars ($50,000.00),

plus costs.

Respectfully Submitted,

**DEFINO LAW ASSOCIATES, P.C.**

6/9/17

_____/s/_____

**NICHOLAS L. PALAZZO, ESQ.**

Case ID: 170600952

## VERIFICATION

I, **CINDY SUY**, hereby depose and say that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

DATED: 6|9|17

CINDY SUY

Case ID: 170600952